IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA DEMARIA,

        Plaintiff,

v.                                CIV 03-908 KBM

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

## MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Plaintiff's motion to reverse or remand, where she asserts that the ALJ committed three errors. *See Docs. 10-11.* Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 3-4.*

      If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and Plaintiff is not entitled to relief. *E.g., Hamilton v. Sec'y of Health & Human Servs.,* 961 F.2d 1495, 1497-1500 (10th Cir. 1992). My assessment is based on a review of the entire record, where I can neither reweigh the evidence nor substitute my judgment for that of the agency. *E.g., Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).

      I have carefully considered the matter before me and find that the ALJ's failure to discuss fibromyalgia directly contravenes applicable regulations and bears on the other alleged errors

concerning credibility and residual functional capacity assessments.  Accordingly, I remand the matter to the Commissioner for further proceedings.

## I.  Background

Plaintiff Patricia DeMaria previously worked as a secretary, home health aide, and teacher's assistant for handicapped children.  In September 1997 when she was working as a home health aide, she slipped and fell at work and underwent arthroscopic knee surgery.  She returned to work thereafter but quit working in September 1999 claiming that the residual effects of her accident, including fibromyalgia, rendered her unable to work.  *See, e.g., Administrative Record* ("*Record*") at 39-42, 53, 68, 71-72.

In the meantime, Plaintiff had applied for benefits in March 1999, and ALJ Gary L. Vanderhoof subsequently found that, although she could not return to her past relevant work, she was not disabled under the "grids."  *Id.* at 97, 120.  Citing various deficiencies, the Appeals Council remanded and, among other things, required ALJ Vanderhoof to consider the fibromyalgia impairment, reassess Plaintiff's credibility, reassess her residual functional capacity, and call a vocational expert.  *See id.* at 114-116.  The decision specifically provides in pertinent part:

> The record before the Administrative Law Judge contained evidence that the claimant suffers from fibromyalgia, including treating physician notes and the claimant's list of medications. However, there is no evaluation in the decision as to whether this impairment is severe.  In connection with the request for review, the Appeals Council received additional evidence from the following physicians:  lab records from Oregon imaging center dated January 18, 1998 through September 25, 2000, [m]edical records from Las Palmas Medical Center dated February 5, 23001, [m]edical records from West Texas Neurosurgical Center, P.A. dated July 7, 2000 and an independent Medical Evaluation for

> Orthopaedics and Sports Medicine dated January 9, 2002. This
> new evidence revealed continued treatment for fibromyalgia.
> Consequently, further consideration of this impairment is necessary.
>
> \* \* \* \* \*
>
> Upon remand, the Administrative Law Judge will:
>
> Obtain additional evidence concerning the claimant's fibromyalgia
> in order to complete the administrative record in accordance with
> regulatory standards concerning consultative examinations and
> existing medical evidence (20 CFR 404.1512 - 13). The additional
> evidence may include, if warranted and available, physical
> examination and medical source statements about what the claimant
> can still do despite the impairments.
>
> Evaluate the claimant's subjective complaints and provide rationale
> . . . .
>
> Give further consideration to the claimant's maximum residual
> functional capacity and provide rationale . . .
>
> Further, if necessary, obtain evidence from a medical expert to
> clarify the nature and severity of the claimant's impairment (20 CFR
> 404.1527(f) and Social Security Ruling 96-6p).

*Record* at 115-16.

On remand, ALJ Vanderhoof held another hearing and issued another opinion. This time he found that DeMaria was capable of returning to her past relevant work as a teacher's assistant as well as other light jobs identified by the vocational expert. The ALJ's opinion does not even refer to the fibromyalgia impairment. *See id.* at 18-24.

On appeal, Plaintiff raised the issue that ALJ Vanderhoof "totally ignored the fibromyalgia." *Id.* at 474. In an obvious "form" notice, the Appeals Council stated that "we considered the reasons you disagree with the decision." Yet the notice did not elaborate why the Appeals Council found that argument unavailing. *Id.* at 9.

### III.  Analysis

Plaintiff contends that the "law of the case" doctrine precluded the ALJ from finding on the interagency remand that DeMaria can perform her past work.  The cases that I have found or to which I have been cited that have applied the "law of the case" doctrine in social security appeals do so in the context where the remand is from the district court rather than from the Appeals Council.  *E.g., Patterson v. Apfel,* 1999 WL 1032973 (10th Cir. 1999) (and cases cited therein); *Williams v. Apfel,* 65 F. Supp. 2d 1223, 1229-30 (N.D. Okla. 1999) (same); *Doc. 11* at 5 (cited collateral estoppel decisions involve effect of prior ***final*** disability decisions by agency). One Tenth Circuit decision did not specifically address the issue in terms of the doctrine of the law of the case, but it could be construed as suggesting the doctrine does ***not*** apply to interagency remands.  *See Campbell v. Bowen,* 822 F.2d 1518, 1521-22 (10th Cir. 1987).  For the purposes of argument, however, I will assume that the doctrine may be applied in that context as well if the elements are met.

In order for its application, the "law of the case" doctrine requires that upon its initial review, the Appeals Council either explicitly or implicitly decided that Plaintiff could not return to her prior work.  It did not.  Before an ALJ can decide whether a claimant can return to prior work, a residual functional capacity finding must be made by the ALJ.  As noted above, here the Appeals Council remanded with specific instructions for the ALJ to reconsider DeMaria's residual functional capacity.  As such, return to prior work was potentially at issue on remand after the reassessment of residual functional capacity.  In that regard, the case before me is materially indistinguishable, and indeed more compelling, from that before the Tenth Circuit in *Campbell,* where it held:

4

> The Secretary did not err, as appellant contends, by first finding a residual functional capacity of "sedentary". . . and then on remand, changing that finding to a residual functional capacity of "light". . . . The regulations provide that [the ALJ] "may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b) (1986). The Appeals Council directed the ALJ to obtain testimony from a vocational expert as to the transferability of Campbell's skills to a range of work "within the claimant's residual functional capacity." The ALJ's redetermination of the residual functional capacity was not inconsistent with this order. Nor did the order bind the ALJ to his earlier decision. To hold otherwise would discourage administrative law judges from reviewing the record on remand, checking initial findings of fact, and making corrections, if appropriate. We declined to constrain the ALJ in a manner not mandated by the regulations.

*Campbell*, 822 F.2d at 1521-22.

Also, in requiring a new decision to include discussion of the fibromyalgia impairment from the outset, the Appeals Council essentially remanded for redetermination of the entire matter. As such, "law of the case" is inapplicable. *See Muse v. Sullivan,* 925 F.2d 785, 790 (5th Cir. 1991) ("When the Secretary remands cases for re-determination [on all issues], there is no rule of issue preclusion."); *Houston v. Sullivan,* 895 F.2d 1012, 1015 (5th Cir. 1989) ("Once the case was remanded to the ALJ to gather more information about the extent of Houston's disability, the ALJ was free to reevaluate the facts [including work capacity]").

Finally, the ALJ's second decision did not only conclude that Plaintiff could return to her past relevant work. It also relied on the testimony of the vocational expert that there were other jobs Plaintiff could perform. Therefore, the fact that the prior work findings differed, standing alone, is "at most harmless error." *Caldwell v. Barnhart,* 84 Fed. Appx. 714, 715 (8th Cir. 2003) ("even if the ALJ's finding as to past relevant work conflicted with the District Court's remand

order, it was at most harmless error, as the ALJ alternatively found that Caldwell could perform the jobs the VE identified as existing in the national economy.").

However, the same regulation cited in *Campbell* that permits an ALJ to take additional action consistent with remand, also mandates that the ALJ follow Appeals Council orders on remand – "***shall*** take any action that is ordered by the Appeals Council." 20 C.F.R. § 404.977(b) (emphasis added). The Appeals Council's remand here could not have more explicitly directed the ALJ to consider Plaintiff's fibromyalgia. As I read the remand decision, it not only required reconsideration of the impairment as presented in the medical records before the agency, but also mandated that the ALJ consider additional evidence and decide whether to order a consultative examination. *See Record* at 116 (citing 20 C.F.R. § 404.1527(f) and S.S. Ruling 96-6p).

As the Commissioner acknowledged in another case before me, "Courts have recognized that the pain suffered by those diagnosed with fibromyalgia can be disabling." *Glenn v. Apfel,* 102 F. Supp. 2d 1252, 1258 (D. Kan. 2000) (and cases cited therein)." *Madril v. Halter,* CIV 00-465 BB/KBM (*Doc. 13* at 5). On remand, however, ALJ Vanderhoof failed to even mention the impairment. Thus, I cannot tell from the opinion whether he considered it at all, considered and rejected it as severe, or considered it in his pain assessment but found it unavailing. Some courts have held that a failure to abide by the terms of an Appeals Council remand order as required by 20 C.F.R. § 404.977(b) is erroneous as a matter of law and requires remand back to the ALJ. *See Hutchison v. Apfel,* 2001 WL 336986 at *11 (N.D. Tex. 2001) ("At the very minimum, this case should be remanded to defendant Commissioner . . . for development of the issues as had been previously ordered by the Appeals Council."); *Mann v. Chater,* 1997 WL 363592 at *3 (S.D.N.Y. 1997) ("the ALJ should have followed the order of the Appeals Council. . . . Because he did not,

6

I must remand this action.").

In any event, fibromyalgia was an impairment the Appeals Council determined was significant enough to warrant further development and consideration.  The ALJ's failure to discuss it at all leaves me with a decision that I cannot meaningfully review and one for which I cannot provide a substitute analysis.  "Failure to consider a known impairment in conducting a step-four inquiry is, by itself, grounds for reversal [and further] infect[s] the ALJ's findings of credibility and further analysis under step four."  *Spicer v. Barnhart,* 64 Fed. Appx. 173, 178 (10th Cir. 2003) (and cases cited therein);  *c.f., Kastman v. Barnhart,* 2002 WL 1461499 at *9 (N.D. Ill. 2002) (questioning whether violation of 20 C.F.R. § 404.977(b) is subject to judicial review, but ultimately considering same substantive arguments as ALJ's decision not based on substantial evidence).  Therefore, this matter must be remanded to the Commissioner.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion *(Doc. 10)* is GRANTED IN PART and the matter is remanded to the Commissioner for further proceedings.  A final order will enter concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.